544

*Roby*
*vs*
*Reaume*

filed in Court Nov<sup>r</sup>
3<sup>d</sup> 1819.

MICHIGAN TOWIT SUPREME COURT SEPTEMBER TERM A D ONE THOUSAND EIGHT HUNDRED AND NINETEEN

|  |  |
|---|---|
| *Roby* | |
| *vs* | Affidavit. |
| *Alexis Luc Reaume* | |

In this case William Woodbridge maketh oath that at the last Term of this Court this affiant did apply to this Court as attorney for the defendant, for an Order that the plaintiff furnish to the Defendant or his attorney a Bill containing the particulars of the said plaintiffs demand in the said case, so that the said def<sup>t</sup> might know on which count or counts of his Declaration the said plaintiff intended to rely & so that the said defendant might know how to shape his defense  And this affiant further maketh oath that the motion submitted in the premises was granted the said defendant was ruled to furnish the said Bill of particulars — Whereupon and during said Term Solomon Sibley Esquire attorney for the said plaintiff did during the said Term or immediately after furnish to this affiant the paper herewith presented to the Court, as & for said Bill of particulars & did further state to this defendant that he should rely on the special Count in the declaration contained & on the note, & that the same paper was all the particulars he should or could give  And this affiant further maketh oath that defendant in said case was at the same Term ruled at a short day to plead in the said case & given to understand by the Court that a trial would be expected during the said Term — This affiant further maketh oath the defendant in the said case was not present during said Term & this affiant could not & did not have access to or communication with him during said Term  And this affiant further maketh oath that on examining the files in the said case, this affiant found that no writ having the legal requisites was ever issued in the said case against said defendant and that said defendant was never rightfully called into Court — whereupon this affiant desiring to have a fair trial

upon the merits in said case, & feeling no wish to avail himself of any previous irregularity, showed the paper purporting to be a writ, but not having the legal requisites of a writ, to the said counsel for the plaintiff & at the same time informed him that would waive said advantage & rely upon general issue plea, if he (said attorney) wished it & would continue said case by consent; — whereupon said attorney did agree to this affiant's proposition, & caused said case by his consent to be continued until this present Term. And this affiant further maketh oath that in the consideration which he gave to said case he expected & believed that counts in said Declaration upon the note therin mentioned & upon the special agreement, would be the only ones relied upon by said plaintiff — & he accordingly prepared his defense, so far as he could prepare it, solely in that view & expectation — and this affiant further maketh oath that he had been informed by the said defendant & also had repeatedly heard said attorney admit, that there was a special agreement between the said parties relative to the subject matter of said suit — And was therefore, not only led into the belief that the plaintiff would rely upon said special agreement because a special agreement was set out in said declaration & because the said attorney had given to this affiant said Bill of particulars but also because this affiant understood & believes the law to be, that there being a special contract not rescinded, it was not competent for the plaintiff to desert the said special contract & recover upon any implied one — And this affiant further maketh oath when the said case was first called up during this Term on a motion for a continuance this affiant had forgotten that the said bill of particulars had been given him, & did not discover them or know that this affiant had them until after the said attorney had filed a new Bill of particulars, which this affiant applied for, after finding upon examining the files that none was there — And this Affiant further maketh oath that he was utterly & totally surprised when on examining said new bill of particulars he found that the said attorney for the defendant had therein deserted said special contract & this affiant did believe that it was by mistake that it was done, being intirely satisfied that by the rules of law said plaintiff could not recover upon the general counts in the declaration, & for the purpose of giving to the said plaintiff an opportunity of correcting said mistake, if it were one this affiant mentioned the subject to said attorney, & was by him given to understand that he did not rely upon the said special contract And this affiant further maketh oath that in consequence of the premises, the proper defense of said defendant assumed an intirely new aspect, which this affiant was not, & could not be prepared to meet and that this affiant was consequently altogether taken by surprise — And this affiant further maketh oath that he has been advised & verily believes that his client the said defendant is confined in Goal for debt or claim of debt on the Island of Michilimacinac, &

could not at any time during this Term have attended to his said suit here — and further that when the said case was at an unusual hour forced on to trial, two or three days after said new Bill of particulars had been furnished viz in the evening of the ultimo — this affiant was so much fatigued & exhausted by attending the Court during the whole day without recess or dinner that it became physically impossible for him properly to attend to said case — wherefore & for other matters in the premises, this affiant maketh solemn oath that he verily believes no fair, just, or legal trial has been had in the premises. — And in behalf of said Defendant prays that a new trial may be awarded.

W<sup>M</sup> WOODBRIDGE

[In the handwriting of William Woodbridge]

Sworn to & subscribed in
open Court this 3<sup>d</sup> day of Nov<sup>r</sup> 1819.
    JAS DUANE DOTY, Clerk.